**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND, | ) | |
| and CHARLES A. WHOBREY, as Trustee | ) | Case No. 20-cv-887 |
| | ) | |
| *Plaintiffs,* | ) | Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| OUDENHOVEN CONSTRUCTION, INC., | ) | |
| a Wisconsin corporation | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3.      Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal

place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4.     The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.     Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6.     Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.     Oudenhoven Construction, Inc. ("OCI") was a corporation organized under the laws of the State of Wisconsin.

## CLAIM FOR RELIEF

8.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9.     During all relevant times, OCI was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of

Teamsters, under which OCI was required to make contributions to the Pension Fund on behalf of certain of its employees.

10.     The Pension Fund determined that on or about May 1, 2016, OCI permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11.     As a result of this complete withdrawal, the Pension Fund determined that OCI incurred withdrawal liability to the Pension Fund in the principal amount of $597,074.43, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability).

12.     On or about January 20, 2017, OCI received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and demand required OCI to discharge its Withdrawal Liability in a lump sum with the payment due on February 1, 2017.

13.     Under 29 U.S.C. § 1399(b)(2)(A), an employer may ask the plan sponsor to review any matter related to the employer's withdrawal liability no later than 90 days after the employer receives the notice and demand required under 29 U.S.C. § 1399(b)(1).

14.     Under 29 U.S.C. § 1401(a)(1), any dispute regarding withdrawal liability must be arbitrated and the time to initiate arbitration is measured either from within 60 days of the date of notification to the employer of the plan sponsor's response to the review request under 29 U.S.C. § 1399(b)(2)(B) or 180 days of the employer's request

for review under 29 U.S.C. § 1399(b)(2)(A) – whichever comes earlier. In the absence of a response from the plan regarding an employer's request for review, the 60-day period during which an employer may initiate arbitration does not begin to run until 120 days after the employer's request for review. *Cent. States, Se. & Sw. Areas Pension Fund v. Louisville Auto Rail Services, Inc.*, 67 F. Supp. 2d 933, 935 (N.D. Ill. 1999).

15.     On March 2, 2017, OCI, through one of its attorneys, sent the Pension Fund a letter stating OCI was formally requesting review of the assessed Withdrawal Liability.

16.     The Pension Fund did not respond to OCI's request for review, and therefore OCI had until August 29, 2017 to timely initiate arbitration.

17.     OCI did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

18.     OCI failed to make the required withdrawal liability payment to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

(i)     the past due Withdrawal Liability payment in the amount of $597,074.43;

    (ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)    an amount equal to the greater of interest on the unpaid Withdrawal Liability or liquidated damages of 20% of the unpaid Withdrawal Liability; and

    (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Caitlin M. McNulty*
Caitlin M. McNulty, Esq.
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
Telephone: (847) 939-2463
E-mail:cmcnulty@centralstatesfunds.org
February 7, 2020          ARDC No. 6317985